Note—OS. Pend. 4 Abs. 570.

---

No. 132

DILLON, alias v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1500. Decided Nov. 8, 1926

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

95. ARGUMENT—Where prosecuting attorney in argument to jury, reads statement, from opinion of Court of Appeals in a case where said court had virtually found that accused was on premises with another defendant who had been convicted of burglary and whose case the Court reviewed, affirming the conviction, it is highly prejudicial to accused and judgment will be reversed therefor.

First Publication of this Opinion

SAYRE, J.

Vincent Dillon was convicted of burglary and grand larceny in the Franklin Common Pleas. Herbert Meyers had also been convicted of the same offense and had prosecuted error to the Court of Appeals. During the closing argument of the prosecuting attorney in the instant case, he read from the opinion of the Court of Appeals affirming Meyers' conviction.

Another error assigned was the fact that after the jury had retired one of the jury got permission from the trial judge to answer a phone call, she was escorted to the phone by a bailiff and talked in the presence of the trial judge, but not in the presence of the accused and his attorneys. Upon error, the Court of Appeals held:

1. As the principal question was whether Dillon was on the premises with Meyers the morning preceeding the rime, to read to the jury the statement of the reviewing court that such was the fact, was almost, if not altogether, as harmful as it would have been for the trial court to make that statement in his charge.

2. The action of the court in permitting the statement to be read was erroneous and highly prejudicial.

3. Although the judgment will not be set aside on the ground that a juror was allowed to talk over the telephone, the action of the court in permitting it is improper, for while he heard the conversation of the juror he could not know what was being said by the person talking to her. A communication to be made by a juror under these circumstances should be made where court and counsel may hear all.

Judgment reversed and cause remanded.

(Mauck, PJ., and Middleton, J., concur.)

Attorneys—Raymond J. Logan and Edward J. Greeley for Dillon; John R. King and Paul Hicks for State; all of Columbus.

No. 133

SHEAFER v. NATIONAL REFINING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7295. Decided Dec. 12, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

997. REAL ESTATE—Restrictions in a deed which read, "Grantor and Grantee desiring to make the said land and other lots in the vicinity, more desirable for residence purposes," held to be sufficient notice to purchaser, of restrictions in other lot owner's deeds.

First Publication of this Opinion

MAUCK, P. J.

Bertha Sheafer, on behalf of herself and forty-three of her neighboring property owners, seeks by her petition to enjoin the National Refining Co. from constructing and maintaining a pumping station on the lot owned by the Refining Co. at the corner of. Clifton Blvd. and Baltic Rd. N. E. in the City of Cleveland.

The lots in question are part of a subdivision the deeds to which contained restrictions limiting the use of the land to residential purposes only, and it is upon this that Sheafer relies for her injunction.

The Refining Co. in its answer admits the restrictions placed in its deed but says that it had no notice that such restrictions inured to adjacent land owners and that the allotment was not impressed with any uniform restrictions of record, which would put defendant upon notice. Upon appeal, the Court of Appeals held:

1. Reliance, by the Refining Co. is placed on 96 OS. 374 in which relief was denied one seeking to enforce restrictions against the purchaser, when it appeared that the purchaser had no notice of similar restrictions in the deeds of other property owners.

2. It was not held however, in that case (96 OS. 374) that the fact that an owner has no actual knowledge that like restrictions exist in his favor, prevents restrictions in his own deed from being enforced.

3. The leading case upon the subject, 50 N. J. Eq. 329, held that such a restriction as we now have before use, could be availed of by another property owner, notwithstanding his rights were not referred to in the deed creating the restriction, if the party against whom relief was sought brought with knowledge of the same.

4. The Ohio case is distinguished from the New Jersey Case because in the Ohio case the lot owner did not know that the restrictions were for the benefit of other lot owners, but in the instant case from the very words of the restricting clause, ie. "Grantor and Grantees desiring to make the said land and other lots in the vicinity, more desirable for residence purposes" gives the Refining Co. sufficient notice.

Decree for plaintiff.

(Sayre, & Middleton, JJ., concur.)

Attorneys—Gordon & Gordon for Sheafer; Tolles, Hogsett, Ginn & Morley for Company; all of Cleveland.